IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JOHN C. SKINNER, Register No. 1069523, )
)
              Plaintiff, )
)
              v. )   No. 07-4018-CV-C-SOW
)
GLEN CORSER, et al., )
)
              Defendants. )

## ORDER

On April 5, 2007, plaintiff filed motions seeking appointment of counsel and extensions of time, including a standing order for extensions of time.

There exists no statutory or constitutional right for an indigent to have counsel appointed in a civil action for damages. Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) (per curiam). Rather, "[i]n civil rights matters the court *may* pursuant to [28 U.S.C. § 1915(e)], 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a 'request.'" Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982).

The trial court must exercise "'a reasoned and well-informed discretion'" in deciding whether to appoint counsel. Sours v. Norris, 782 F.2d 106, 107 (8th Cir. 1986) (citation omitted).

The factors to consider in determining whether or not to appoint counsel have been articulated as follows:

> Foremost among the 'certain factors' that an appointing court must consider is an analysis of the merits of the indigent litigant's claims from both a factual and legal standpoint. [It is] clear that a court need not appoint counsel when it considers the indigent's chances of success to be extremely slim. In addition to the merits of a case, a court may consider any of a number of factors. Among these factors are the complexity of the legal issue presented and the capability of the litigant to recognize and present the issues, the complexity and conflicting nature of the facts, the ability of the litigant to investigate his case, and the relative substantive value of the claims presented.

Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982) (citations omitted).  See also Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992); Johnson v. Williams, 788 F.2d 1319 (8th Cir. 1986).

Some of the problems inherent in the appointment of counsel in pro se civil cases brought by indigent litigants were discussed by this court in Ferguson v. Fleck, 480 F. Supp. 219 (W.D. Mo. 1979) at page 222:

> The Eighth Circuit has ruled that members of the Federal Bar should expect such appointments, on an infrequent basis . . . .  Recognizing the time-consuming burdens undertaken by attorneys prosecuting Federal civil litigation, and the problems which would be invited if all colorable claims of indigents were automatically referred to appointed counsel, a troublesome issue of selectivity is imposed on the courts.  Care must be exercised to avoid altering the practice of infrequently asking lawyers to serve in civil matters, an assumption underlying the *Peterson* decision.  Meritorious claims, however, would generally benefit from the assistance of counsel, but the court has few facilities permitting a forecast of substantial merit.

This court has followed a liberal policy of appointing counsel in civil actions brought by prisoners in nonfrivolous cases.  Green v. Wyrick, 428 F. Supp. 732, 741 (W.D. Mo. 1976).

Although the court does have the inherent power to appoint counsel in limited circumstances, the United States Supreme Court has held that "[28 U.S.C.] § 1915(d) [now (e)] does not authorize the federal courts to make coercive appointments of counsel."  Mallard v. United States Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 310 (1989).

The issues in plaintiff's complaint are not complex and at this stage in the proceedings, the court does not deem it necessary to appoint counsel.  Plaintiff's claims are yet subject to challenge by dispositive motions.  After the parties have had an opportunity to file the appropriate motions and the court has ruled on said motions, plaintiff may again request appointment of counsel.  The fact that plaintiff has numerous civil actions pending with this court does not merit appointment of counsel.

Plaintiff's request for an extension of time to pay the filing fee is granted.  Plaintiff is granted forty-five (45) days from the date of this order in which to pay the initial fee.  Plaintiff is advised that he is responsible for submitting to the court his initial filing fee, and upon receipt, this court will issue an order providing further payments be withdrawn from plaintiff's prison account, pursuant to the provisions set forth in 28 U.S.C. § 1915.

Plaintiff's motion seeking a standing order granting extensions of time is denied. Extension of time will be considered on a case-by-case basis on the grounds asserted in support of the request.

IT IS, THEREFORE, ORDERED that plaintiff's motion seeking a standing order of extensions of time is denied. [12] It is further

ORDERED that plaintiff is granted forty-five (45) days from the date of this order to pay his initial filing fee. [10, 12] It is further

ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice [10].

Dated this 2nd day of May, 2007, at Jefferson City, Missouri.

<u>William A. Knox</u>

WILLIAM A. KNOX
United States Magistrate Judge